IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**LONNIE K. CRANE,**

      **Plaintiff,**

v.                                                                           Case No. 3:23-cv-00589

**COMMISSIONER D.O.C.,**

      **Defendant.**

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

In August 2023, Plaintiff Lonnie K. Crane, proceeding *pro se*, filed a Complaint against Defendant under 42 U.S.C. § 1983 and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 3). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is an initial screening of Plaintiff's complaint and review of his *in forma pauperis* application. Having thoroughly considered the matter, the undersigned **FINDS** that Plaintiff is barred from proceeding *in forma pauperis* pursuant to the "three strikes rule" enumerated in 28 U.S.C. § 1915(g). Accordingly, the undersigned **DENIES** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and **RECOMMENDS**, for the following reasons, that the presiding District Judge **DISMISS** the complaint **without prejudice** and **REMOVE** this matter from the docket of the Court.

I.      **Relevant Facts and Procedural History**

In August 2023, Plaintiff filed a § 1983 Complaint and Application to Proceed Without the Prepayment of Fees and Costs while he was confined in the Western Regional Jail ("WRJ"). (ECF Nos. 1, 3). He subsequently amended his complaint to correct two errors. (ECF No. 5 at 1). In his amended complaint, Plaintiff asserts that inmates in the WRJ do not have access to books, a word processor, a paralegal or equivalent, writing materials, or postage supplies. (*Id.* at 2). He further alleges that inmates are denied access to electronic tablets as a disciplinary measure, which restricts their access to counsel and the courts, as well as their ability to order mailing supplies from the commissary and submit any "in house" communications, such as requests or grievances. (*Id.* at 2-3). As a final matter, Plaintiff complains that the guards spread COVID-19 by touching the inmates' medicine cups after opening and closing doors without changing their gloves. (*Id.* at 3).

Plaintiff seeks injunctive relief and monetary damages in this action. He explains that he would "just like the system fixed to the bare minimum federal standards for due process rights of prisoners including but not limited to the mail, legal law library, in house communication, education, housing; namely overcrowding, medical, minimum standards for recreation, ample and qualified counseling staff." (*Id.*). He further seeks $20,000.00 in "punitive damages […] for 20 years of expense, hardship, 'hole time,' and Due Process." (*Id.*). On September 30, 2023, Plaintiff filed a notice of change of address, advising the Court that he was moved to William R. Sharpe, Jr., Hospital ("Sharpe Hospital") one day earlier for a mental competency evaluation that was expected to last for 90 days. (ECF No. 6).

**II.     Relevant Law**

Under Title 28 U.S.C. § 1915(a), a federal court has discretion to allow a prisoner to bring a civil action without prepaying the usual fees—in other words, to proceed *in forma pauperis*—when the prisoner can demonstrate that he is unable to afford the fees. 28 U.S.C. § 1915(a). Section 1915(a) is not a *waiver* of fees, but rather gives the prisoner an opportunity to pay the required fees in installments over time. "Reacting to a sharp rise in prisoner litigation, Congress in 1996 enacted the PLRA [Prison Litigation Reform Act of 1995], which installed a variety of measures designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (internal markings and citations omitted). Among these measures was an amendment to the *in forma pauperis* statute called the "three strikes" rule, which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Put simply, once a prisoner has "three strikes," he is precluded from bringing another lawsuit without paying all of the required fees upfront, unless he can meet the "imminent danger" exception contained in § 1915(g). *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). A prisoner accrues a strike for any action dismissed on one of the three grounds set forth in § 1915(g), regardless of whether the dismissal is with or without prejudice. *Id*. at 1724-25. The entire action, meaning all claims in the lawsuit, must be dismissed for one of the specified grounds in order to

qualify as a "strike." *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011). For instance, if the Court dismisses some of the claims as frivolous, but the plaintiff later voluntarily dismisses the remaining claims, the action does not count against the plaintiff as a "strike." *Id.* at 654. Dismissals based on grounds not specified in § 1915(g), such as a prisoner's failure to exhaust his or her administrative remedies, do not qualify as strikes under § 1915(g). *Green v. Young*, 454 F.3d 405, 410 (4th Cir. 2006).

As indicated, there is a very narrow exception to the three strikes bar, which requires a prisoner to demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The "imminent danger" must be "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." *Brown-Bey v. North Carolina*, No. 1:22-CV-00027-MR, 2022 WL 902746, at *2 (W.D.N.C. Mar. 28, 2022), *appeal dismissed,* No. 22-6424, 2022 WL 9721350 (4th Cir. June 21, 2022) (quoting *Meyers v. Comm'nr of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020)). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (citations omitted).

Critically, if the plaintiff does not demonstrate imminent danger, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Miller v. Warden, S. Cent. Reg'l Jail*, No. 2:20-CV-00645, 2022 WL 1124227, at *2 (S.D.W. Va. Feb. 28, 2022), *report and recommendation adopted,* 2022 WL 1124192 (S.D.W. Va. Apr. 14, 2022). A prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. *Id.* Rather, he must pay the filing fee at the

4

time he initiates the suit." *Id*.

## III. Discussion

There is no question in this case that Plaintiff filed at least three prior lawsuits while incarcerated that were dismissed for reasons specified in § 1915(g). While imprisoned in June 2006, Plaintiff filed *pro se* § 1983 lawsuits against the Central Regional Jail and Tygart Valley Regional Jail regarding various conditions of confinement, including inadequate law libraries. *Crane v. Central Regional Jail*, No. 2:06-cv-00070 (N.D.W. Va. July 6, 2006), ECF No. 1; *Crane v. Tygart Valley Regional Jail*, No. 5:06-cv-00083 (N.D.W. Va. July 6, 2006), ECF No. 1. After granting Plaintiff's *in forma pauperis* applications, the United States District Court for the Northern District of West Virginia dismissed both cases because Plaintiff failed to state a claim upon which relief could be granted. *Central Regional Jail*, No. 2:06-cv-00070, ECF Nos. 13, 15, 18, 19; *Tygart Valley Regional Jail*, No. 5:06-cv-00083, ECF Nos. 14, 16, 17, 18. These dismissals counted as Plaintiff's first and second strikes under § 1915(g).

Subsequently, in April 2015, while imprisoned in the WRJ, Plaintiff filed a § 1983 complaint against "Administrator Crawford." *Crane v. Crawford*, No. 3:15-cv-004407 (Apr. 10, 2015 S.D.W. Va.), ECF No. 2. Plaintiff asserted that inadequate contents of and access to the WRJ law library violated his Sixth Amendment right to counsel. *Id*. at 4, 6. He was granted permission to proceed *in forma pauperis*. *Crawford*, No. 3:15-cv-004407, ECF No. 4. Defendant moved to dismiss the complaint on the grounds that Crane failed to state a claim and that his complaint was frivolous. ECF Nos. 10, 11. After careful review, the undersigned concluded that Plaintiff's official capacity claims for monetary damages were barred pursuant to Eleventh Amendment immunity, and his official capacity claims for injunctive relief were moot due to his transfer from the WRJ.

*Crawford*, No. 3:15-cv-004407, ECF No. 53 at 18, 21. The undersigned additionally found that, to the extent Plaintiff asserted a personal capacity claim, he did not allege a plausible claim or an actionable injury that could be traced to the WRJ's law library policies. *Id.* at 25. As the undersigned explained, Plaintiff mistakenly believed that he had a "freestanding right to a law library," including the assistance of a paralegal, which was not a valid § 1983 claim. *Id.* Therefore, the undersigned recommended that the Motion to Dismiss be granted and the complaint be dismissed with prejudice. *Id.* The district court adopted those findings and recommendation and dismissed the case with prejudice. (ECF No. 60). That dismissal arguably counted as Plaintiff's third strike for the purpose of § 1915(g), because his complaint was dismissed for failure to state a plausible claim, even though one count for injunctive relief was also dismissed as being moot.

Finally, in May 2019, while he was incarcerated in William R. Sharpe, Jr., Hospital ("Sharpe Hospital"), Plaintiff sued, *pro se,* under § 1983 the court-appointed forensic psychologist tasked with determining his mental competency to stand trial. *Crane v. Hudson*, No. 3:19-cv-00421 (S.D.W. Va. May 31, 2019), ECF No. 3. He was again granted leave to proceed *in forma pauperis*. *Hudson*, No. 3:19-cv-00421, ECF No. 5. Plaintiff's complaint was dismissed with prejudice because the defendant was absolutely immune from liability, and Plaintiff failed to state a claim. *Id.* at ECF Nos. 14, 15, 16. This constituted Plaintiff's fourth strike under § 1915(g). *See, e.g., Ozusamlar v. Entzel*, No. 5:19CV213, 2019 WL 6694727, at *1 (N.D.W. Va. Aug. 2, 2019), *report and recommendation adopted,* 2019 WL 4145228 (N.D.W. Va. Sept. 3, 2019) (finding that a case dismissed based on immunity and failure to state a claim counted as a strike under § 1915(g)); *Guthrie v. Dodson,* No. 1:22-cv-00128, 2022 WL 16857056, at *2 (S.D. Miss. Nov. 10, 2022) (holding that claims dismissed based upon absolute immunity are also

6

frivolous); *Shehadeh v. Harris,* No. 22-cv-3121-MMM, 2022 WL 11925071, at *2 (C.D. Ill. Oct. 20, 2022) (holding that plaintiff failed to state a claim where defendants were immune from suit).

It is abundantly clear from the above actions that Plaintiff habitually files meritless *pro se* § 1983 lawsuits during incarceration without prepaying the filing fees. In addition to the foregoing cases, he has two pending § 1983 lawsuits in this district in which he seeks to proceed *in forma pauperis*. Those actions include the instant matter and Plaintiff's lawsuit against Personnel of Union Supply Direct, the company which is contracted to supply commissary services at the WRJ. Crane v. Personnel of Union Supply Direct, No. 3:23-cv-00582 (S.D.W. Va. Aug. 29, 2023), ECF Nos. 1, 3.

Given that Plaintiff has at least three strikes under § 1915(g) and he has not paid the full filing fee, his complaint must be dismissed unless he shows that he was in imminent danger of serious physical injury at the time he filed the instant action, and he continues to be in imminent danger related to the claims in his complaint. 28 U.S.C. § 1915(g); *Meyers*, 801 F. App'x at 96. In this case, Plaintiff complains about conditions at the WRJ, and he has been transferred from that facility to Sharpe Hospital. (ECF Nos. 1, 5, 6). Therefore, Plaintiff is hard-pressed to show that he is in imminent danger relating to conditions at the WRJ. *Meyers v. Miller*, No. 2:20CV467, 2022 WL 326096, at *1 (E.D. Va. Jan. 25, 2022), *appeal dismissed,* No. 22-6110, 2022 WL 3031322 (4th Cir. Apr. 28, 2022) (finding that inmate's transfer to another facility rendered any claims of imminent danger moot and enforcing three strikes provision).

Plaintiff asserts that he is in Sharpe Hospital for an evaluation that is expected to take approximately 90 days. (ECF No. 6). However, even if Plaintiff is expected to be transferred back to the WRJ, his claims do not meet the imminent danger standard. He

alleges that he was denied his rights to the courts and counsel due to inadequate access to books, a word processor, a paralegal or equivalent, writing materials, postage supplies, and electronic tablets. (ECF No. 5 at 2-3). Those allegations do not show any imminent danger of serious physical injury. *Scible v. Miller*, No. CIV.A. 5:09CV4, 2009 WL 2160505, at *2 (N.D.W. Va. July 17, 2009) (finding that complaints about the prison law library do not establish that the inmate is in imminent danger); *Feather-Gorbey v. Williams*, No. 5:21-CV-00673, 2022 WL 2658973, at *6 (S.D.W. Va. May 19, 2022), *report and recommendation adopted,* 2022 WL 2657329 (S.D.W. Va. July 8, 2022) (citing that denial of access to the administrative remedy program failed to meet the imminent danger standard).

Plaintiff additionally asserts that the guards at the WRJ pass medicine cups without changing their gloves, which spreads COVID-19. (ECF No. 5 at 3). Potential exposure to COVID-19 does not qualify as an emergency "imminent danger" situation contemplated by § 1915(g). *Rivera v. McMaster*, No. 8:20-CV-1768-SAL-JDA, 2020 WL 13250160, at *3 (D.S.C. June 16, 2020), *report and recommendation adopted,* 2022 WL 1409998 (D.S.C. Apr. 13, 2022) (collecting cases); *Feather-Gorbey v. Vest,* No. 5:21-CV-00354, 2021 WL 2932738, at *2 (S.D.W. Va. July 12, 2021), *reconsideration denied,* 2022 WL 610290 (S.D.W. Va. Mar. 1, 2022). Finally, Plaintiff vaguely mentions prison overcrowding, medical services, recreational standards, counseling staff, hardship, and "hole time" in his prayer for relief. (ECF No. 5 at 3). However, he does not include any specific factual allegations related to those issues, nor does he identify any imminent physical danger related to those concerns.

Therefore, because Plaintiff has three strikes under § 1915(g), has not paid the filing fee, and is not in any imminent danger of serious physical injury, the undersigned

**FINDS** that Plaintiff's complaint must be dismissed without prejudice.

## IV.   Proposal and Recommendations

For the above reasons, the undersigned **DENIES** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that the Complaint be **DISMISSED, without prejudice,** and this matter be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and

Recommendations" to Plaintiff, counsel of record, and any unrepresented party.

**FILED**: November 8, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge